# In the United States Court of Federal Claims

No. 20-2080C

(Filed: January 7, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **WINSTON VEODUST EDMONDS,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) |

## OPINION AND ORDER

*SOLOMSON*, **Judge.**

      On January 7, 2021, Plaintiff, Winston Veodust Edmonds, an Arizona State prisoner proceeding *pro se*, filed a complaint against Defendant, the United States. ECF No. 1 ("Compl."). Mr. Edmonds seeks damages in the amount of $400,000 for a variety of actions of the State of Arizona. *Id.* at 2. The gravamen of his complaint appears to be allegations of an unjust conviction and imprisonment, 28 U.S.C. § 2513. Compl. at 5–7. Mr. Edmonds also filed a motion to proceed *in forma pauperis*. ECF No. 2.

      While this Court is authorized to waive the payment of filing fees in certain circumstances, 28 U.S.C. § 1915(a)(1), a prisoner cannot procced *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brough an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." 28 U.S.C. § 1915(g). This rule is commonly known as the "three strikes rule." *See, e.g.*, *Bess v. United States*, 145 Fed. Cl. 484, 489 (2019). Mr. Edmonds has filed numerous actions in the United States District Court for the District of Arizona, including at least four cases that have been dismissed for failure to state a claim. *See Edmonds v. State of Arizona*, Case No. 14-1820 (ECF Nos. 9, 10); *Edmonds v. Maricopa County*, Case No. 14-1136 (ECF Nos. 9, 10); *Edmonds v. State of Arizona*, Case No. 14-1137 (ECF Nos. 9, 10); *Edmonds v. State of Arizona*, Case No. 14-1734

(ECF Nos. 9, 10).  Mr. Edmonds has not alleged facts showing that he is in imminent threat of serious physical injury that would satisfy the "imminent danger" exception to the three strikes rule.  28 U.S.C. § 1915(g).  Accordingly, the Court denies Mr. Edmonds's motion to proceed *in forma pauperis* in this case.

Mr. Edmonds is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  However, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met."  *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).  For several reasons, the Court must dismiss Mr. Edmonds' for lack of subject matter jurisdicttuckeerion.

*First*, this Court does not possess jurisdiction to review criminal convictions of any kind.  *See* 28 U.S.C. § 1491; *Cooper v. United States*, 104 Fed. Cl. 306, 311–12 (2012) (holding that this Court has no jurisdiction to review criminal matters).

*Second*, this Court has no jurisdiction under 28 U.S.C. § 2513 to decide claims based upon state court convictions.  *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.").  A conviction under Arizona law in Arizona courts – even if unjust – is not a conviction for "an offense against the United States."  *Id.*

*Finally*, Mr. Edmonds alludes to a previous action before this Court.  *See* Compl. at 1.  Indeed, Judge Williams already dismissed a similar complaint filed by Mr. Edmonds.  *See* Fed. Cl. Case No. 18-563 (ECF No. 18), appeal dismissed, Fed. Cir. No. 2019-1229.  His new complaint fares no better and he cannot be permitted a second-bite at the same apple in any event.  *See also Edmonds v. Attorney General of the State of Arizona*, D. Ariz. Case No. 17-2845 (Jan. 26, 2018) (dismissing Mr. Edmonds' habeas challenge to his conviction and sentence).

Accordingly, Mr. Edmonds' pending motion to proceed *in forma pauperis* is **DENIED**.  Mr. Edmonds' Complaint is also **DISMISSED** for lack of jurisdiction.  Furthermore, given Mr. Edmonds' repetitive filings in this Court, as well as in the United States District Court for the District of Arizona, the Clerk's office is directed to reject any of Mr. Edmonds' further submissions, unless such filings comply with this Court's rules regarding post-dismissal submissions.  *See Perry v. United States*, 149 Fed. Cl. 1, 36 n.45 (2020).

It is so **ORDERED**.

s/Matthew H. Solomson  
Matthew H. Solomson  
Judge